IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 FEB 27 PM 1:46
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| | |
|---|---|
| IN RE § <br> KLN STEEL PRODUCTS § <br> COMPANY LLC, § <br> DEHLER MANUFACTURING CO., INC., § <br> FURNITURE BY THURSTON, AND § <br> 4200 PAN AM LLC, § <br>         DEBTORS, § <br> § <br> § <br> MICHAEL CIESLA, § <br> LIQUIDATING TRUSTEE OF THE § <br> KLN LIQUIDATING TRUST, § <br>         APPELLANT, § <br> § <br> V. § <br> § <br> § <br> NEW YORK STATE DEPARTMENT § <br> OF TAXATION AND FINANCE, § <br>         APPELLEE. § | CAUSE NO. A-13-CV-0380-LY <br> BANKRUPTCY NO. 11-12855-CAG <br> (CHAPTER 11) |

## MEMORANDUM OPINION AND ORDER

Before the court is the above styled and numbered bankruptcy appeal by which Appellant Michael Ciesla, in his capacity as Liquidating Trustee of the KLN Trust, contends that the bankruptcy court erred in denying Ciesla's objection to Appellee New York State Department of Taxation and Finance's ("New York") Proof of Claim No. 106 (Bankruptcy Clerk's Document No. 894). The court ordered briefing and, on September 3, 2013, heard oral argument. Having considered the parties' briefing and arguments, the bankruptcy court's orders and case file, and the applicable law, the court affirms the bankruptcy court's ruling.

*Background*

KLN Steel Products Company, LLC, Dehler Manufacturing Co., Inc., and Furniture by Thurston filed for bankruptcy reorganization protection on November 22, 2011.[1] *See* 11 U.S.C. §§ 1101-1146. The bankruptcy court ordered that May 20, 2012, was the deadline for governmental entities to file prepetition claims ("bar date").

New York filed original prepetition Proof of Claim No. 106 on March 5, 2012 ("original claim"), which involved MED Enterprises, LLC, a business entity related to KLN and a New York sales-tax filer, in the estimated amount of $3,656.53, for sales tax, interest, and allied penalties for the tax period from June to August of 2011.[2] This amount was listed as "estimated," because New York had not received KLN's New York State and Local Quarterly Sales and Use Tax Return ("Tax Return") covering that tax period. New York filed amended Proof of Claim No. 106 on April 3, 2012 ("amended claim"), which superceded the March 5 claim and covered the succeeding tax period ending November 30, 2011, in a new estimated amount of $6,684.95.[3] On April 9, 2012, New York received KLN's late-filed tax return for the tax period ending August 31, 2011, which reflected

---

[1] The court refers to KLN, Dehler, and Thurston collectively as "Debtors." The bankruptcy court jointly administered these entities' Chapter 11 reorganization bankruptcy proceedings in Bankruptcy Cause No. 11-12855-CAG (W. D. Tex.).

[2] The original claim consisted of unsecured priority liabilities for estimated tax of $3,028.42, estimated interest of $154.15, general unsecured liabilities for an actual penalty of $50 for the tax period ending May 31, 2011, and an estimated penalty of $423.96 for the tax period ending August 31, 2011. As MED is a related entity of KLN, for convenience, the court refers to KLN.

[3] The amended claim consisted of unsecured priority liabilities for estimated tax of $3,028.42, estimated interest of $154.15 for the tax period ending August 31, 2011, estimated tax of $3,028.42 for the tax period ending November 30, 2011, general unsecured liabilities for an actual penalty of $50 for the tax period ending May 31, 2011, and an estimated penalty for $423.96 for the tax period ending August 31, 2011.

taxes owing in the amount of $41,163.58.[4] The bankruptcy court confirmed the Debtors' reorganization plan and appointed Ciesla liquidating trustee for KLN on May 31, 2012.

On July 26, 2012, Ciesla filed an objection and requested that the bankruptcy court strike New York's original and amended claims, arguing that neither claim was a valid priority tax claim seeking a sum certain from KLN's estate.[5] On August 13, 2012, New York responded that it had received the late-filed Tax Return from KLN on April 9, 2012, for the tax period ending August 31, 2011, by which KLN reported its sales tax due was $41,163.58. On August 16, 2012, New York filed second amended Proof of Claim No. 106 in the amount of $46,734.31 ("second amended claim").[6] Thereafter, the bankruptcy court noted New York's filing the second amended claim, and ordered that Ciesla's July 26 objection was moot.

On September 20, Ciesla filed a second objection and argued that New York's second amended claim should be disallowed because it was solely New York's fault for delaying in filing

---

[4] The Tax Return was not made a part of the bankruptcy court proceeding. New York alleges that based on its records, the late-filed Tax Return for the period ending August 31, 2011, reflected a tax amount due of $41,163.58, but included no payment. Additionally, New York alleges that for the tax period ending November 30, 2011, a late-filed tax return was filed, reflecting a tax amount due of "$-0-" and a $50 penalty. The returns for the two tax periods were due by law to be filed on September 20, 2011, and December 20, 2011, respectively.

[5] Because the claim amounts were not reflected anywhere in KLN's books or records, Ciesla argued that to the extent the claims were allowed, the bankruptcy court should only allow them as general unsecured claims and not as priority tax claims.

[6] The second amended claim consists of unsecured priority liability for sales tax for the period ending August 31, 2011, in the amount of $41,163.58 (which was reflected by the Tax Return) plus interest of $992.75. Additionally, the second amended claim includes as a general unsecured liability the $50 penalty for the tax period that ended May, 31, 2011, which was referenced in the original March 5, 2012 claim, and adds a $4,527.98 penalty based on the late-filed tax return for the period ending August 31, 2011. The second amended claim notes, "This claim amends and supercedes the previous claim dated 4/3/2012."

3

the second amended claim. Ciesla argued that New York had the requisite tax information from the Tax Return and could have filed the second amended claim ahead of the May 20, 2012 bar date and the May 31, 2012 plan-confirmation date. Ciesla argued alternatively, that if the bankruptcy court allowed any portion of New York's second amended claim, the court should allow only $6,684.95–the estimated priority tax claim submitted by New York's April 3 amended claim–and all other amounts alleged should be disallowed. *See* 11 U.S.C. § 726(a)(4) (manner and order of distributing property of estate noting "fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, [or] penalty, . . . arising before the earlier of the order for relief or the appointment of a trustee. . . .").

New York responded: (1) it was not required to file a proof of claim for the taxes; (2) the Debtors would suffered no prejudice by the second amended claim; and (3) the entire amount should be allowed under the excusable-neglect standard discussed in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398-99 (1993) ("To be sure were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be 'excusable'."). New York argued that it was KLN who controlled its own books and records, KLN was well aware that it was liable to New York for the tax debt, and it was KLN that failed to schedule and include the New York tax liability in the Debtors' reorganization plan.

The bankruptcy court held a hearing on Ciesla's objection, during which New York acknowledged that it had received the Tax Return months before filing the second amended claim, but offered no excuse for the late filing other than the large size of the New York administrative body. On the record in open court, the bankruptcy court found that as of March 29, the date KLN

filed the Tax Return, the exact amount of KLN's New York's sales-tax liability was set. The bankruptcy court also found that New York's filing the second amended claim after both the bar date and the plan-confirmation date does not lead necessarily to the conclusion that the claim should be disallowed. Specifically, the bankruptcy court held that the second amended claim related back to the original claim, which was timely filed. Finally, the bankruptcy court found that once the Tax Return was filed, and because the second amended claim amount was derived from the Tax Return, it was unnecessary for New York to present any further evidence to the bankruptcy court regarding the amount of the second amended claim. The bankruptcy court's written order summarily denied Ciesla's objection.

### *Standard of review*

On appeal this court may affirm, modify, or reverse the bankruptcy court's judgment, order, or decree, or remand the matter at issue with instructions to the bankruptcy court to conduct further proceedings. *See* Fed. R. Bankr. 8013. In reviewing a bankruptcy court's decision, this court functions as an appellate court applying the standards of review generally applied in federal appeals: a bankruptcy court's findings of fact are reviewed for clear error and the court's conclusions of law are reviewed *de novo*. *See Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003). A finding is clearly erroneous and reversible only if, based on the entire record, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *Id.*

### *Arguments*

Ciesla argues that New York's second amended claim was a late-filed claim and that the bankruptcy court erred in holding that it related back to the original claim. Ciesla argues that for the second amended claim to be allowed as a late-filed claim against KLN's estate, New York was

required to prove, by a preponderance of the evidence, excusable neglect in failing to file the second amended claim ahead of the bar date. *See Pioneer Inv. Servs. Co.,* 507 U.S. at 398-99; *see also Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.),* 62 F.3d 730, 737 (5th Cir. 1995). Ciesla argues that absent is any evidence to support New York's delay in filing the second amended claim, that the delay will have a directly adverse and prejudicial effect on the administration of the trust assets for the benefit of KLN's creditors, and New York offered no evidence to the bankruptcy court to controvert Ciesla's argument.

New York responds that the bankruptcy court did not abuse its discretion by denying Ciesla's objection because at issue was not a late-filed claim but an amended claim, and courts liberally permit amendments to a timely filed proof of claim. Additionally, New York argues that it's original claim was timely filed and served as *prima facie* evidence of the validity of New York's tax claim. Further, New York argues that the bankruptcy court correctly held that the second amended claim related back to and provided the correct amount for what was originally an estimated amount in the original claim. Finally, New York argues that the need for the second amended claim arose because KLN was late filing the Tax Return, which is indisputably what established the correct amount of New York's claim.

**Analysis**

"Amendments to timely creditor proofs of claim have been liberally permitted to 'cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" *Kolstad v. United States (In re Kolstad),* 928 F.2d 171, 175 (5th Cir. 1991) (quoting *In re International Horizons, Inc.,* 751 F.2d.1213, 1216 (11th Cir. 1985)). The principal concern in addressing amendments to proofs of

claims, is that no new claim be tardily asserted. *Id.* "Amendments do not vitiate the role of bar dates: indeed courts that authorize amendments must ensure that corrections or adjustments do not set forth wholly new grounds of liability." *Id.* (citing *Matter of Commonwealth Corp.*, 617 F.2d 415, 420 (5th Cir. 1980)). The established amendment process for timely claims, and the "durability of that process . . . reinforces [the] conclusion that bar dates do not inevitably straitjacket creditors in incorrect claims." *In re Kolstad*, 928 F.2d at 175. The decision to grant or deny an amendment to a timely filed proof of claim is within the bankruptcy judge's discretion. *Id.*

New York's second amended claim involves the same type of tax–sales tax–for the same fiscal period that was presented as an estimate by the original claim. Although the second amended claim, based on representations in the Tax Return, raised the amount of the claim from $3,656.53 to $46,734.31, it does not involve a *different* tax or fiscal period. *See id. at* 171. The court concludes that New York's second amended claim is not in the nature of a new late-filed claim; rather, the second amended claim is based on KLN's Tax Return and precisely states the amount of the claim after what was originally claimed as an estimated amount. Although Ciesla argues that KLN and its creditors are prejudiced by the allowance of the second amended claim, lacking is proof of prejudice and even so, the court finds that no one knew better than KLN what the actual New York sales tax amount owing would be. Indeed, in advance of the bar date and the reorganization-plan confirmation date, KLN could have revised the amount of New York sales tax it owed in its schedules and disclosed the amount to its creditors, but KLN did not. Further, nothing in the record indicates that New York acted in bad faith or with the intent to gain any advantage through delay in filing the second amended claim.

Regarding Ciesla's argument that New York failed to carry its burden of proof before the bankruptcy court, New York's filing of the second amended claim is *prima facie* evidence of the validity of the claim. *See* Fed. R. Bankr. P. 3001(f) (proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of validity and amount of claim). Again, it is uncontroverted that the second amended claim consists of uncontroverted amounts supplied by KLN's Tax Return that addressed the same type of tax for the same tax period as New York's original claim, which was timely filed.

The court holds that the bankruptcy court's findings of fact related to the allowance of New York's second amended claim are not clearly erroneous. Additionally, having reviewed *de novo* the bankruptcy court's conclusions of law regarding New York's second amended claim, the court holds that the bankruptcy court did not abuse its discretion in denying Ciesla's objection. Therefore,

**IT IS ORDERED** that the bankruptcy court's order denying Ciesla as the Liquidating Trustee's Objection to New York State Department of Taxation and Finance's second amended claim (Bankr. Clerk's Document No. 894) is **AFFIRMED**.

SIGNED this 27th day of February, 2014.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE